Francis v 41-21 28th St. Acquisition LLC (2021 NY Slip Op 05921)





Francis v 41-21 28th St. Acquisition LLC


2021 NY Slip Op 05921


Decided on October 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 28, 2021

Before: Renwick, J.P., González, Kennedy, Scarpulla, Rodriguez, JJ. 


Index No. 23037/17E, 43372/18E Appeal No. 14513 Case No. 2020-04568 

[*1]Algie Francis, Plaintiff,
v
41-21 28th Street Acquisition LLC et al., Defendants. 41-21 28th Street Acquisition LLC et al., Third-Party Plaintiffs-Appellants,


Gartner + Bloom, P.C., New York (Arthur P. Xanthos of counsel), for appellants.
Lester Schwab Katz & Dwyer, LLP, New York (Jonathan Glasser of counsel), for respondents.



Order, Supreme Court, Bronx County (Donald A. Miles, J.), entered on or about May 6, 2020, which granted third-party defendant Utica National Assurance Company's (Utica) motion for summary judgment declaring that it has no duty to defend and indemnify defendants in the main action, unanimously affirmed, with costs.
Third-party defendant Utica demonstrated, prima facie, that third-party plaintiffs did not qualify as additional insureds under the policy issued to plaintiff's employer third-party defendant M.R. Electric Service, LLC (MRE). The policy issued by Utica to MRE provided that an organization would be added as an additional insured on the policy when MRE and such organization have agreed in writing in a contract or agreement that such organization be added as an additional insured on Utica's policy (see e.g. All State Interior Demolition Inc. v Scottsdale Ins. Co., 168 AD3d 612, 613 [1st Dept 2019]). The affidavit from MRE's officer demonstrates that there was no organization with which MRE agreed in writing that it be added as an additional insured on the policy at the time of plaintiff's accident. Defendants third-party plaintiffs failed to raise a triable issue of fact, as they conceded that MRE's contract with defendant Mint Development Corp. (Mint) was no longer in force, Mint admitted that its work at the premises ceased more than a year before plaintiff's injury, and defendants 41-21 28th Street Acquisition LLC and 41-21 28th Street LLC submitted no evidence of a contract between them and MRE.
We have considered defendants' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2021